**LAW OFFICES OF STEIN AND MARKUS PLC**
**Andrew M. Stein, SBN 82963**
**Joseph A. Markus, SBN 113802**
**9944 Flower Street**
**Bellflower, California 90706**
**Telephone: (562) 866-9762**
**Facsimile: (562) 867-3603**
**E-mail: steinandmarkus@gmail.com**

Attorneys for Defendant
KEITH MIDDLEBROOK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 20-CR-00229-DSF |
| Plaintiff, | **DEFENDANT KEITH MIDDLEBROOK'S SENTENCING POSITION** |
| vs. | |
| KEITH MIDDLEBROOK, | |
| Defendant. | |

Defendant KEITH MIDDLEBROOK, through counsel, hereby submits his Sentencing Position. Defendant reserves the opportunity to make additional comments at the sentencing hearing in this matter.

DEFENDANT'S SENTENCING POSITION

I.   **COMMENTS ON THE SENTENCING GUIDELINES AND THE RECOMMENDATION OF THE USPO**

The Government, the U.S. Probation Office both concur that Mr. Middlebrook's total offense level is 27 under the advisory guidelines and his criminal history category is I.  This calculation derives from a base offense level of seven (18 U.S.C. Section 1843.

The guideline for a violation of 18 U.S.C. § 1343 is USSG § 2B1.1.  Pursuant to subsection (a), if the defendant was convicted of an offense referenced in this guideline with a statutory maximum of twenty years or more, the base offense level is seven.  Since the statutory maximum sentence for this offense is twenty years, the base offense level is seven.  USSG § 2B1.1(a)(1).   **+7**

Pursuant to USSG § 2B1.1(b)(1), if the loss exceeded $6,500, the offense level is increased in accordance with the total amount of the loss.  Where the total amount of the loss is more than $3,500,000 but less than $9,5000,000, and eighteen-level increase is applied.  USSG §  2B1.1(b)(1)(J).  Notes to Table at USSG § 2B1.1(b)(1) defines loss as the greater of actual loss or intended loss.  See notes to Table (A).  Here, while the actual loss is unknown, it appears that Middlebrook solicited a $400,000 investment from the UCE as in text messages on March 19, 2020, Middlebrook requested that $400,000 be wired to Middlebrook's JP Morgan Chase Bank Account.  In a subsequent text message to the UCE, Middlebrook requested payment of $400,000 in chase to secure the UCE's investment.  In addition, Middlebrook sent text messages to victim-investors W.J., A.F., R.M., and E.S. seeking an investment of at least $1,000,000 per individual.  Accordingly, since the intended loss of $4,400,000 is greater than $3,500.000 but less than $9,500,000, an eighteen-level increase has been applied.     **+18**

Pursuant to USSG § 2B1.1(b)(2)(A)(ii) if the offense was committed through mass-marketing, a two-level increase is applied.   **+2**

2

DEFENDANT'S SENTENCING POSITION

1     Accordingly, the two-level increase has been applied pursuant to USSG §

2 2B1.1(b)(10)(C).   **+2**

3     Middlebrook has no criminal history points from Chapter Four, Part A, and he

4 meets the criteria in USSG §§ 4C1.1(a)(2) through (11).  Therefore, pursuant to

5 USSC § 4C1.1 a two-level decrease is applied to the offense level determined under

6 Chapters Two and Three.   **-2**

7                                                      **Total: 27**

8

9     Under the principles set forth in United Staes v. Booker. 542 U.S. 220 (2005),

10 the Federal Sentencing Guidelines are now, of course, purely advisory.  The

11 Guidelines are one among a number of factors that sentencing courts are directed to

12 assess in imposing a sentence that is "sufficient, but not greater than necessary" to

13 achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2).  Neither §

14 3553(a) nor Booker suggests that any of these factors is individually paramount.  All

15 of them, however, are controlled by § 3553(a)'s mandate to impose a sentence

16 "sufficient, but not greater than necessary" no comply with the purposes of

17 sentencing.

18     The Ninth Circuit has held that "Booker empowered district courts, not

19 appellate courts… [and] breathe[d] life into the authority of district court judges to

20 engage in individualized sentencing.  United States v. Whitehead, 532 F.3d 991, 993

21 (9th Cir. 2008) (citations omitted).  And the Seventh Circuit has stated that post-Rita

22 "[t]he district courts must calculate the advisory sentencing guideline range

23 accurately, so that they can derive whatever insight the guidelines have to offer, but

24 ultimately they must sentence based on 18 U.S.C. § 3553(a) without any thumb on

25 the scale favoring a guideline sentence.  United States v. Sachsenmaier 491 F.3d

26 680, 684 (7th Cir. 2007) (referencing Rita v. United States, 551 U.S. 338 (2007)).

27

28

DEFENDANT'S SENTENCING POSITION

**STATEMENT OF FACTS**

Defendant still maintains his innocence and disputes the Government's position requesting an additional two-level enhancement for obstruction of justice based upon perjury. Defendant maintains that there are photographs, cell phone records and witnesses that can confirm the he and Magic Johnson have met on numerous occasions, including John Salley, who can testify to that effect.

**GOVERNMENT'S SENTENCING GUIDELINES CALCULATIONS**

Defendant does not disagree that the total offense level is at least twenty-seven. However, he strongly disagrees with the request that the Court, under USSG 3C1.1, increase his sentencing level by two. The fact that two people testify inconsistently with each other does not constitute perjury. United States v. Dunnigan, 507 U.S. 87, 94-95 (1993). At page 7 of the Government's Reply (Dkt. 305), "Because Magic Johnson's testimony was true, Defendant's testimony must be false." That assumes that Magic Johnson was telling the truth, as opposed to protecting himself.

Defendant maintains that his testimony was not perjurious. However, as we all know, celebrities are given more credence and credibility by juries.

**GOVERNMENT'S RECOMMENDATION OF A NINETY-EIGHT MONTH SENTENCE**

The Government is asking for ninety-eight months on a case where no one was harmed financially. Defendant is requesting a sentence of between thirty-seven to forty-six months.

4

DEFENDANT'S SENTENCING POSITION

## THE GOVERNMENT'S UNSUPPORTED ALLEGATIONS OF PRIOR
## MISCONDUCT

In the Government's Sentencing Brief (Dkt. 305), the Government discusses conduct by the Defendant that he was never convicted of, and in fact, an indictment involving this conduct was dismissed in October 2016.  Defendant asks that none of this conduct be considered by the court in determining an appropriate sentence.

## CONCLUSION

Based on the totality of the circumstances, the Defendant's lack of any significant prior record, and the fact that there was no actual harm done to anyone, the Defendant is requesting the court to imply a sentence of level twenty one, between thirty seven and forty six months.

Dated: December 16, 2024                    Respectfully Submitted,


LAW OFFICES OF STEIN AND MARKUS PLC


By:/s/ _____
            Andrew M. Stein,
            Attorney for KEITH MIDDLEBROOK.

5
DEFENDANT'S SENTENCING POSITION