UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br><br>　　　　v.<br><br>KEITH LAWRENCE<br>MIDDLEBROOK,<br>　　Defendant. | 2:20-cr-229-DSF<br><br>Order DENYING Motion for<br>Judgment of Acquittal; Order<br>DENYING Motion for New Trial<br>(Dkt. 285, 286) |

　　　Defendant Keith Lawrence Middlebrook was convicted of eleven counts of wire fraud after a jury trial. Defendant now moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29 or, in the alternative, for a new trial pursuant to Federal Rule of Criminal Procedure 33(a).

## I. Motion for Judgment of Acquittal

　　　The Court must "enter a judgment of acquittal if the Government fails to present sufficient evidence to sustain a conviction. Evidence is sufficient to sustain a conviction if, "viewed in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Miller, 953 F.3d 1095, 1108 (9th Cir. 2020) (cleaned up). "[E]vidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case." United States v. Nevils, 598 F.3d 1158, 1167 (9th Cir. 2010). However, "[c]onflicting evidence is to be resolved in favor of the jury verdict." United States v. Corona-Verbera, 509 F.3d 1105, 1117 (9th Cir. 2007).

"The hurdle to overturn a jury's conviction based on a sufficiency of the evidence challenge is high." <u>United States v. Rocha</u>, 598 F.3d 1144, 1153 (9th Cir. 2010).

Defendant argues that the government failed to present sufficient evidence regarding two charged false statements: (1) that Defendant's purported COVID-19 cure and/or prevention product was effective and (2) that investments in Defendant's venture were risk free and guaranteed by a party in Dubai.

Even if the Court were to assume that the government did not present sufficient evidence to prove the falsity of these two statements beyond a reasonable doubt, Defendant would not be entitled to a judgment of acquittal. Defendant was charged with a scheme to defraud based on multiple statements, and there is very strong evidence in the record that several of these were false. The jury was not required to agree unanimously on any particular false statement to convict Defendant. <u>United States v. Lyons</u>, 472 F.3d 1055, 1068 (9th Cir. 2007). And "when faced with a record of historical facts that supports conflicting inferences a reviewing court must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution." <u>Nevils</u>, 598 F.3d at 1164 (cleaned up). This means that if there is sufficient evidence in the record as to one of the charged false statements, a court must presume that the conviction was based on that statement and not speculate that one or more jurors might have chosen a different statement. As the circuit explained in <u>United States v. Halbert</u>, 640 F.2d 1000, 1008 (9th Cir. 1981),

> [T]he possibility that the verdict was based on an erroneous legal ground is error, but the possibility that a criminal conviction might have been based on factual allegations unsupported in the record does not necessitate reversal if there is other evidence sufficient to support the conviction . . . . Even if the Government had not established one or more of the six acts of misrepresentation . . ., sufficient

> proof of even one of the acts would have been enough to support [the defendant's] conviction for mail fraud.

Defendant also argues that the government failed to introduce sufficient evidence that the alleged false statements were material. The materiality of false statements is assessed objectively, not subjectively. <u>United States v. Lindsey</u>, 850 F.3d 1009, 1014 (9th Cir. 2017).

> The element of materiality is evaluated under an objective test, in which we must examine the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end. To be material a statement need only have the propensity or capacity to influence or affect [a victim's] decision. [T]he government does not have to prove actual reliance upon the defendant's misrepresentations to satisfy materiality.

<u>Id.</u> (cleaned up).

There is no question that a rational juror could have found that the false statements at issue had "the propensity or capacity to influence or affect" a potential investor's decisions. Putting aside the two statements noted earlier, the government provided sufficient evidence that Defendant falsely claimed: (1) that his products "QC20" and "QP20" were "patent pending," (2) that Magic Johnson was a director and/or officer of Defendant's venture, and (3) that Defendant had already secured funding from seven investors who had invested between $750,000 and $1,000,000. All of these statements clearly would be relevant to at least some potential investors as they directly relate to the value of the assets of the venture, its capitalization level, the confidence level of other investors, the riskiness of the investment, and the potential for publicity that might come from being associated with a prominent individual.

For these reasons, the Court finds that the government provided sufficient evidence to sustain Defendant's wire fraud convictions.

## II. Motion for New Trial

### A.   Standard

The Court may set aside the jury verdict and order a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). A motion for a new trial should be granted only "in exceptional circumstances in which the evidence weighs heavily against the verdict." United States v. Del Toro-Barboza, 673 F.3d 1136, 1153 (9th Cir. 2012) (quoting United States v. Pimentel, 654 F.2d 538, 545 (9th Cir. 1981). "The court is not obliged to view the evidence in the light most favorable to the verdict, and it is free to weigh the evidence and evaluate for itself the credibility of the witnesses." United States v. Kellington, 217 F.3d 1084, 1097 (9th Cir. 2000). "[A] decision to grant or deny a new trial is within the sound discretion of the district court." United States v. Steel, 759 F.2d 706, 713 (9th Cir. 1985).

### B.   Analysis

#### 1.   Previously Decided Issues

Defendant reasserts several arguments addressed in written pretrial orders: (1) his motion to dismiss for selective prosecution,[1] (2) his motion to suppress the search of his digital devices, (3) the government's motion to admit evidence of financial structuring, and (4) the government's request to admit certain of Defendant's social media posts that were not sent to potential investors. Nothing that occurred at trial leads the Court to revisit these prior rulings, and the Court's previous analyses are incorporated into this order.[2]

---

[1] Defendant asserts that the Court should have conducted an evidentiary hearing on his selective prosecution motion, but, given Defendant's failure to present a prima facie showing, which he should have been able to do in his papers, a hearing would have been extraneous.

[2] The Ninth Circuit has recently stressed the importance of identifying a truly comparable class relative to the defendant when evaluating a selective prosecution claim. See United States v. Wilson, ___ F.4th ___; 2024 WL

4

### 2. Cross Examination

Defendant argues that he should have been allowed to ask questions of government witnesses on cross-examination that would show that Defendant's allegedly false statements were not of the type that investors would find material. The questions were not allowed because they were well outside of the scope of the government's direct examination and were not intended to impeach the witnesses' bias or credibility. To the degree that the questions inquired about the witnesses' subjective beliefs about materiality, they were also irrelevant. See Lindsey, 850 F.3d at 1016.

### 3. Jury Instructions

Defendant argues that the jury instructions were erroneous in two respects.

First, he asserts that the Court should have instructed the jury that they must "find that a materially false statement was made to the alleged victim identified in the relevant count," and that it was error that the instructions "did not specify that the government had to prove that an allegedly false statement was made to an alleged victim identified in the indictment, much less that, for each count, the allegedly false statement had to be made to the specific alleged victim identified in the indictment." New Trial Mem. at 8. This argument is incorrect. The government charged Defendant with a scheme to defraud. In that context, there is no requirement that the government match specific false representations to specific alleged victims. The case cited by Defendant, United States v. Lew, 875 F.2d 219 (9th Cir. 1989), concerns a different scenario where the government alleged a scheme to defraud where the deception was targeted at a different actor than the one from whom money was being obtained. Here, the government alleged a scheme where the false statements were directed

---

5163081, at *7 (9th Cir. Dec. 19, 2024). As stated in the Court's prior order, Defendant failed to identify such a class.

to potential investors and the money or property was also being taken from those potential investors.

Defendant has also renewed his argument made at trial that the venue instruction should have precisely mirrored the allegations in the indictment for Counts 1 through 8. The indictment alleged that Defendant was "in Los Angeles, California" when he used or caused to be used certain specific wires that formed the basis for Counts 1 through 8. See Indictment (Dkt. 40) ¶ 4. Instead, the Court gave an instruction that the government needed to show that Defendant was present in the Central District of California.

Defendant argues that the failure to require the government to prove Defendant's presence in "Los Angeles, California" was either a constructive amendment to the indictment or a fatal variance from it. There is no question that the underlying substantive venue requirement is satisfied by Defendant's physical presence in the Central District, and there is also no question that the evidence was sufficient to show that Defendant was, in fact, present in the Central District when he used, or caused to be used, each of the charged wires. The only issue is whether the government should have been limited by the indictment to showing that Defendant was present in "Los Angeles, California" or if it could rely on evidence that Defendant was present in other parts of the District.[3]

> Objections that the trial court improperly instructed the jury about the contents of the indictment generally fall into one of two categories: a constructive amendment or a variance. An *amendment* of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or a court after the grand jury has last passed upon them. A *variance,* on the

---

[3] The Court did not instruct the jury on any theory of venue other than one based on Defendant's physical presence in this District. Nor does the Court now rely on any other theory that might have been presented in the government's opposition to the new trial motion.

6

> other hand, occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment. The line that separates a constructive amendment from a variance is not always easy to define, but characterizing an instruction as a constructive amendment typically mandates reversal, while a variance requires reversal only if it prejudices a defendant's substantial rights.

United States v. Ward, 747 F.3d 1184, 1189 (9th Cir. 2014) (cleaned up) (emphasis in original).

The indictment includes multiple venue allegations, several of which are consistent with the Court's instruction. It first alleges that Defendant executed a fraudulent scheme "in Los Angeles and Orange Counties, within the Central District of California, and elsewhere[.]" Indictment ¶ 2. It later reiterates that Defendant transmitted wires for the purposes of executing the scheme "in Orange and Los Angeles Counties, within the Central District of California, and elsewhere[.]" Id. ¶ 4. The problem only arises in the description of the wires in Counts 1 through 8. These specific descriptions allege that Defendant was "in Los Angeles, California" when he sent the relevant text messages.

The heart of the constructive amendment inquiry is whether a jury could have convicted a defendant for conduct with which he was not charged. See Ward, 747 F.3d at 1191. There is no constructive amendment "when the indictment simply contains superfluously specific language describing alleged conduct irrelevant to the defendant's culpability under the applicable statute." Id. "In such cases, convictions can be sustained if the proof upon which they are based corresponds to the offense that was clearly described in the indictment. A part of the indictment unnecessary to and independent of the allegations of the offense is considered to be 'a useless averment.'" Id.

Defendant was convicted for the conduct charged in the indictment – in short, conducting a fraudulent scheme within the Central District of California through the use of the interstate wires. The allegations that Defendant was present in "Los Angeles, California," specifically, when he sent some of the charged wires were "superfluously specific" both with respect to Defendant's substantive guilt and to proper venue for the prosecution. This is a case of a "useless averment" that had no substantive effect on the outcome of the case. There is no legitimate dispute that Defendant was present in the Central District of California – if not Los Angeles – when the wires were sent, and the indictment explicitly alleged that the conduct charged occurred within the District, even if at some points it unnecessarily alleged a more specific location.

Defendant has a stronger argument that there was a variance in proof. But even if there were a variance, Defendant cannot show the prejudice necessary to set aside the verdict. The purported variance did not affect his substantive rights for the reasons previously stated – the government provided ample proof that Defendant was present in the Central District of California when sending the wires and such a showing is substantively sufficient to demonstrate venue in this District.

### 4. Burden of Proof Issues

Finally, Defendant argues that the jurors ignored the Court's instructions on burden of proof and that the government impermissibly attempted to shift the burden of proof in its closing argument.

To the degree that Defendant relies on post-trial juror statements, that argument is barred by Federal Rule of Evidence 606(b). Arguments made in court by the prosecution are not "extraneous prejudicial information" for the purposes of Rule 606(b), and Defendant's cursory assertion of his Fifth and Sixth Amendment rights do not establish that this is a case where Rule 606(b) should be set aside for constitutional reasons. Defendant's request for an evidentiary hearing is denied because no competent evidence regarding

jury deliberations can be admitted. Hearsay testimony by counsel is not a way around Rule 606(b).

The government's comment in its rebuttal argument was not improper burden shifting. Defendant had argued that there were holes in the government's case because it failed to "follow leads" and did not call certain witnesses. In rebuttal, the government noted that the defense has subpoena power to call witnesses if Defendant believed that those witnesses would be helpful to his case (or harmful to the government's). This is not inappropriate argument so long as the government refrains from commenting on a defendant's failure to testify on his own behalf. See United States v. Cabrera, 201 F.3d 1243, 1250 (9th Cir. 2000).

### III. Conclusion

Defendant's motions for acquittal or new trial are DENIED.

IT IS SO ORDERED.

Date: January 10, 2025

_____

Honorable Dale S. Fischer
United States District Judge